# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILL S. GREER, II, | DOCKET NUMBER |
| Appellant, | DA-0752-17-0149-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: April 18, 2022 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Will S. Greer, II, Schertz, Texas, pro se.

Lawrence Lynch, Esquire, Joint Base San Antonio, Randolph, Texas, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons set forth below, we DISMISS the appellant's petition for review as moot.

¶2      As further detailed in the initial decision of the instant appeal, the appellant held the position of Motor Vehicle Operator at the agency's Randolph Air Force

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Base. Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 2. In October 2013, the agency removed him from that position for violating a last chance agreement. *Id.*

¶3     The appellant filed his first appeal, challenging his removal, but an administrative judge dismissed the matter for lack of jurisdiction and the Board affirmed. *Id.*; *see Greer v. Department of the Air Force*, MSPB Docket No. DA-0752-14-0055-I-1, Final Order (Sept. 12, 2014). The appellant then filed a second appeal, again challenging his removal, but an administrative judge similarly dismissed for lack of jurisdiction, based on collateral estoppel, which is also known as issue preclusion. ID at 2; *see Greer v. Department of the Air Force*, MSPB Docket No. DA-0752-15-0324-I-1, Initial Decision (Aug. 8, 2015). In this appeal, his third, the appellant has challenged his removal once more. IAF, Tab 1. The administrative judge again dismissed for lack of jurisdiction based on collateral estoppel. ID at 2-5.

¶4     The initial decision in this appeal was set to become final on March 30, 2017, unless a petition for review was filed by that date. ID at 5. Several days after that deadline, on April 5, 2017, the appellant electronically filed a pleading that has been construed as a petition for review. Petition for Review (PFR) File, Tabs 1-2. In the days that followed, the appellant also filed a pleading with the U.S. Court of Appeals for the Federal Circuit, asking the court to review his Board appeals. *Greer v. Department of the Air Force*, 718 F. App'x 962, 964 (Fed. Cir. 2017).

¶5     During the period that followed, the Clerk of the Board responded to the pending petition for review, explaining that it appeared untimely and providing the appellant with an opportunity to submit a motion concerning timeliness. PFR File, Tab 3 at 2. The appellant failed to submit that motion or any other response before the April 22, 2017 deadline for doing so. He did file a June 21, 2017 reply, after the agency moved to dismiss the appellant's petition as untimely, but

his reply contained no argument or evidence concerning his untimeliness. PFR File, Tabs 4-5.

¶6 In December 2017, the Federal Circuit issued a decision that deemed the initial decision in this appeal the Board's final decision because the appellant failed to submit a timely petition for review or a timely motion to waive his untimeliness with the Board. *Greer*, 718 F. App'x at 964 (Fed. Cir. 2017). The court further found that the administrative judge correctly dismissed this appeal based on the doctrine of collateral estoppel. *Id.* at 964-65.

¶7 A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 8 (2016). An appeal will be dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant. *Id.*

¶8 Here, the Federal Circuit's opinion about this case has rendered the appellant's petition for review with the Board moot. The court found the appellant's petition for review with the Board untimely and further found that the administrative judge correctly dismissed his appeal based on collateral estoppel. *Greer*, 718 F. App'x at 964-65. In light of that intervening event—a decision by our reviewing court—it is not necessary for us to further consider the timeliness of the appellant's petition or the administrative judge's conclusion that this appeal is barred by collateral estoppel.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                /s/ for

                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.